UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON IDO ZAREMARE FILHO,<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | Case No. 1:26-cv-02722-JLT-HBK (HC)<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br>FOURTEEN-DAY DEADLINE |

Petitioner, an immigration detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the Mesa Verde Detention Facility in Bakersfield, California, proceeds on his counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his detention without a bond hearing as violating the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA") because the proper detention authority is 8 U.S.C. § 1226(a) instead of 8 U.S.C. § 1225(b)(2). (Doc. 1 at 15-16). Petitioner seeks immediate release or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 16-17).

Respondents submit the Court lacks jurisdiction to review Petitioner's challenge to his negative reasonable fear determination, and argue he is detained under 8 U.S.C. § 1231 because he is subject to a reinstated final order of removal and there is no additional process due while he awaits the Ninth Circuit's decision on his Petition for Review ("PFR") of the negative reasonable fear determination. (Doc. 10).

In reply, Petitioner acknowledges his detention under § 1231 and contends he is nonetheless entitled to relief under *Zadvydas* because it is "unclear" when the Ninth Circuit will issue a decision on his PFR, and as such, there is no significant likelihood of removal in the reasonably foreseeable future so his detention is "indefinite" in violation of the Fifth Amendment. (Doc. 7 at 3 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Further briefing is necessary to clarify the record and the status of Petitioner's removal proceedings.

Accordingly, IT IS ORDERED:

1. Within fourteen (14) days of this Order, Respondents shall file a supplemental brief, including:
   a. All available records related to Petitioner's release from custody after his final order or removal was reinstated in 2019 and all records related to the revocation of his release in October 2025; <u>and</u> any relevant argument as to Respondents' compliance with the applicable regulations in the revocation of any order of supervision or previous release on recognizance.
   b. An update on the status of the PFR still pending in the Ninth Circuit, and the impact it has on the status of Petitioner's removal proceedings, including any response to the argument raised in Petitioner's reply as to whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.
2. Within seven (7) days after service of Respondents' supplemental briefing, Petitioner may file a response addressing the same issues and providing additional argument or legal authority.

Dated: October 29, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE